Appeal No. 14-50910

————————————

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————————————

JOSEPH ZENTE

Plaintiff-Appellant,

v.

CREDIT MANAGEMENT, L.P.

Defendant-Appellee.

————————————

On Appeal from the Western District of Texas,
Austin Division

————————————

# REPLY BRIEF OF APPELLANT

Sergei Lemberg, Esq.
Jenny DeFrancisco, Esq.
Lemberg Law LLC
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
*Attorneys for Plaintiff-Appellant*

December 1, 2014

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................... 1

ARGUMENT .................................................................................................. 1

   A. There is a Justiciable Issue for Appeal ............................................ 1

   B. The District Court's Referral was Made to the
      Disciplinary Committee ....................................................................... 4

   C. The District Court's Decision was Based on Clearly
      Erroneous Facts ..................................................................................... 5

   D. Prior Sanctions Orders ......................................................................... 9

   E. Credit Management's Policy Argument ........................................ 10

CONCLUSION ............................................................................................. 12

CERTIFICATE OF SERVICE ..................................................................... 13

CERTIFICATE OF COMPLIANCE WITH RULE 32(A) ......................... 14

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Ford Motor Co.*, 653 F.3d 299 (3d Cir. 2011). ....................................... 3

*In re Pratt*, 524 F.3d 580 (5th Cir. 2008). ........................................................... 11

*Johnson v. Gila, LLC*, 2014 WL 1390838 (N.D. Tex., Apr. 7, 2014). ......................... 9, 10

*Lee v. Credit Mgmt., LP*, 846 F.Supp.2d 716 (S.D. Tex. 2012)................................. 7

*Millard v. Northland Grp.*, 2014 U.S. Dist. LEXIS 161314 (D. Nev., Nov. 17, 2014). .... 9

*Mims v. Arrow Fin. Servs., LLC*, ——U.S. ——,132 S.Ct. 740, 181 L.Ed.2d 881 (2012). .. 7

*Trinity Gas v. City Bank & Trust of Natchitoches*, 54 Fed. Appx. 591 (5th Cir. 2002). ..... 11

*United States v. Llanez-Garcia*, 735 F.3d 483 (6th Cir. 2013)................................... 3, 4

*Walker v. City of Mesquite, Tex.*, 129 F.3d 831 (5th Cir. 1997)................................ 2

**Statutes**

15 U.S.C. § 1692. ........................................................................................... 6, 8

28 U.S.C. § 1291 ............................................................................................ 2

47 U.S.C. § 227.............................................................................................. 6, 7

**Rules**

Fed. R. Civ. P. 11............................................................................................ 11

W.D. Tex. L. R. AT-7. ...................................................................................... 5

## INTRODUCTION

Appellee argues that the District Court's Order should not be overturned because (1) there is not a justiciable issue on appeal; (2) the District Court's referral was not made to the Disciplinary Committee; (3) Appellee was right and Appellant was wrong; (4) Appellant's counsel was sanctioned by one judge in the District of Nevada; and (5) Rule 11's safe harbor provision is against public policy.

However, the issue on appeal in this case is a narrow one: whether the District Judge failed to afford Due Process and abused his discretion in *sua sponte* referring Sergei Lemberg for disciplinary review with no notice, no hearing, and no finding of bad faith.

The answer to this question is a resounding "yes." The District Judge abused his discretion in *sua sponte* referring Sergei Lemberg for disciplinary review because he (1) did not provide Mr. Lemberg with notice of the sanction or an opportunity to be heard; (2) did not make a specific finding that Mr. Lemberg acted in bad faith; and (3) imposed a sanction based on a clearly erroneous assessment of the facts. In addition, the District Judge's referral of Mr. Lemberg for disciplinary review should be reversed because the District Judge violated the Western District of Texas Local Rules by making the referral public.

## ARGUMENT

### A. There is a Justiciable Issue for Appeal

Credit Management, LP ("Credit Management") first takes a stab at this Court's

jurisdiction, contending that there is not a justiciable issue on appeal because the District Court's referral of Mr. Lemberg to the Western District of Texas Disciplinary Committee is not a sanction. [Appellee's Brief at 6]. Had the referral been made privately and not incorporated into a final order, that argument would have some weight. However, this appeal is taken from a final order of the United States District Court for the Western District of Texas (1) dismissing Mr. Zente's case against Credit Management; and (2) publicly referring Sergei Lemberg to the Western District of Texas Disciplinary Committee. [ROA.114-115]. The order was final, filed electronically and is publicly available. As such, the order is appealable. *See* 28 U.S.C. § 1291.

Recognizing that final orders are appealable as of right, Credit Management also argues that the District Judge denied its improper sanctions motion and therefore has not "sanctioned" Mr. Lemberg because he has not been disciplined by the Western District of Texas Disciplinary Committee. There are three reasons this is wrong:

**First,** in this case it is the referral itself, rather than any discipline that may be imposed, that is the sanction at issue. *See Walker v. City of Mesquite, Tex.*, 129 F.3d 831, 832-33 (5th Cir. 1997) ("[T]he importance of an attorney's professional reputation, and the imperative to defend it when necessary, obviates the need for a finding of monetary liability or other punishment as a requisite for the appeal of a court order finding professional misconduct."); *see also Adams v. Ford Motor Co.*, 653 F.3d 299 (3d

Cir. 2011).

**Second,** the referral has already been disseminated within the legal community. It has been appended to filings in several cases,[1] and it has been hailed in the press.[2] It may be that a confidential referral as contemplated by the Western District of Texas Local Rules would not have had the effect of a sanction, but a public one certainly does.

**Third,** at least two other Circuit Courts of Appeal have held that non-monetary reputational sanctions are appealable. *See Adams v. Ford Motor Co.*, 653 F.3d 299; *United States v. Llanez-Garcia*, 735 F.3d 483 (6th Cir. 2013). In *Adams*, the appealing attorney received the same sanction that Mr. Lemberg received here: the district court publicly referred him to the governing bar for review without following the district's disciplinary procedures. 653 F.3d at 303. There, the Third Circuit Court of Appeals found that the district court violated the attorney's Due Process rights because the court's order, which was unaccompanied by a formal reprimand, constituted an appealable sanction where the order "directly undermine[d] [counsel's] professional reputation and standing in the community." *Id.* at 305. Likewise, there is little difference between Judge Sparks' public referral of Mr. Lemberg to the Disciplinary Committee and the public reprimand issued to the appealing attorney in

---

[1] *See Kliegl v. Stellar Recovery, Inc.*, No. 14-cv-02409 (D.N.J.), Doc. No. 11; *Horton v. Cavalry Portfolio Servs., LLC*, No. 13-cv-00307 (S.D. Cal.), Doc. No. 101.
[2] http://www.insidearm.com/daily/debt-collection-news/debt-collection/court-asks-state-bar-to-review-frequent-flyers-license-to-practice-law-after-he-files-frivolous-complaint/

*Llanez-Garcia.*[3] *See* 735 F.3d at 490-491.

## B. The District Court's Referral was Made to the Disciplinary Committee

Credit Management next contends that the District Court's referral was not a sanction because the Admissions Committee, to which Credit Management believes the referral was made, and the Disciplinary Committee, to which the referral was actually made, are separate entities. However, Credit Management fails to articulate why this distinction is relevant to the issues on appeal here. No matter the name of the committee at issue, isn't having one's license to practice law reviewed a sanction?

In any event, while the Western District of Texas Local Rules do nominally separate the Admissions and Disciplinary Committees, the distinction disappears in real life. Indeed, the District Court's Order provided that the case would be forwarded to the "**Admissions** Committee," however Judge Sparks' letter referring the case for review is addressed to "Mr. Karl Bayer,[4] Chairman, Texas Western District **Disciplinary** Committee". [ROA.271]. In addition, despite Credit Management's assertion to the contrary, Mr. Lemberg indeed received a letter from

---

[3] Perhaps tellingly, Credit Management does not attempt to distinguish the facts presented in *Llanez-Garcia* from the case at bar.

[4] Mr. Bayer's curriculum vitae, available at http://www.karlbayer.com/pdf/cv_karlbayer.pdf, clearly refers to his position as "Present Chair, Admissions and Disciplinary Committee, U.S. District Court, Western District of Texas".

the Disciplinary Committee pursuant to Local Rule AT-7(f) and timely responded pursuant to that Rule.[5]

Based on these events, it is clear that, while the Western District of Texas Local Rules appear to contemplate separate Admissions and Disciplinary Committees, in practice these two bodies are the same. As a disciplinary investigation has been initiated regarding Mr. Lemberg's conduct in this case, the confidentiality provision of the Rule has indeed been triggered. The District Court therefore violated Local Rule AT-7 by making the referral of Mr. Lemberg to the Disciplinary Committee public, and the Order making the referral should be reversed on that ground.

## C. The District Court's Decision was Based on Clearly Erroneous Facts

Credit Management argues that whether the evidence that ultimately influenced dismissal of this case was provided before suit or after it was initiated is irrelevant because Mr. Zente should have dismissed his case after Credit Management played a portion of the recordings for Mr. Zente's counsel on February 13, 2014. [Appellee's Brief at 13]. In making this argument, Credit Management necessarily concedes that the recordings were provided to Mr. Zente's counsel *after suit was filed*. Indeed, Chris Meier, Credit Management's General Counsel and Chief Compliance Officer, provided in an affidavit that he first reviewed Credit Management's records for Mr. Zente when he received the Complaint. [ROA.78]. In contrast, the District Court

---

[5] As the Western District of Texas Local Rules provide that disciplinary matters are to remain confidential, copies of these letters will be submitted separately under seal.

determined that Mr. Lemberg had in his possession evidence refuting Mr. Zente's claims *before* suit was filed. [ROA.271]. Based on Judge Sparks' letter to the Disciplinary Committee, this erroneous conclusion is the foundation of his referral of Mr. Lemberg to the Disciplinary Committee for review. [ROA.271].

In opposing this appeal, Credit Management also contends that the District Court's Order should not be reversed because the evidence it produced in early discovery showed that it was right, and that Mr. Zente was wrong. But that is not what is at issue here, nor does it seem to be the reason the District Court referred Mr. Lemberg for disciplinary review. Instead, the District Court determined that Mr. Lemberg had the necessary documents pre-suit, and on that basis referred him to the Disciplinary Committee. What exactly prompted the District Court to determine that Mr. Lemberg had documents in his possession pre-suit remains unknown, but the record fails to support this finding and Credit Management effectively concedes that this did not happen.

Further, even if the District Court's decision was based on the evidence Credit Management provided to Mr. Zente's counsel *after* suit was filed, the record debunks Credit Management's characterization of the case. Mr. Zente's complaint included two federal claims: violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") and violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A)(iii); *see also Mims v. Arrow Fin. Servs., LLC*, ——U.S. ——,132 S.Ct. 740, 745, 181 L.Ed.2d 881 (2012); *Lee v. Credit Mgmt., LP*, 846 F.Supp.2d 716, 728 (S.D. Tex. 2012). In opposing this claim, Credit Management had the affirmative defense of consent. *See Lee*, 846 F.Supp.2d at 716.

It is true that, in early discovery, Credit Management did play a *portion* of recordings of telephone conversations with Mr. Zente to his counsel in which Mr. Zente appeared to agree to be called on his cellular phone. [ROA.23]. But so what? The recordings showed, at most, that Credit Management had a *strong affirmative defense* – not that Mr. Zente had no claim. Moreover, to dismiss the case for a client on that basis alone would be a complete failure of the duty owed to the client. Mr. Zente's counsel could not review the entirety of the recordings at the time the portion of the recordings was played; could not determine whether *all* of the recordings were produced; and could not tell, without the collection notes that were not produced until two months later, whether other recordings existed. Nor was it beyond possibility that Credit Management was withholding critical evidence.[6] Dumping

---

[6] *See Liu v. Fulton, Friedman & Gullace, LLP*, No. 13-cv-00878 (W.D. Tex.), Doc. No. 20.

cases for clients in the fashion suggested by Credit Management is a recipe for malpractice.

In addition, Mr. Zente alleged harassment claims under the FDCPA, 15 U.S.C. §§ 1692(d), (d)(5) and (f).  For the FDCPA to apply, the obligation at issue must qualify as a "debt," which is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S. C. § 1692a(5).

Credit Management bases its entire position regarding Mr. Zente's FDCPA claim on the mistaken belief that the debt being collected by Credit Management was a business debt because Mr. Zente referred to the person living at his parents' rental property as a "tenant". [ROA.72].  In fact, public records regarding the rental property (of which the Court can take judicial notice) provide that the property is owned by Mr. Zente's parents, Joseph and Julie Zente.[7]   Thus, the "business debt" argument was nothing more than a red herring.

It is also true that, ultimately, Mr. Zente voluntarily dismissed his claims against Credit Management.  However, voluntary dismissal does not automatically mean that the case was meritless or that it was brought in bad faith. *See Millard v. Northland Grp.,*

---

[7] *See* http://propaccess.traviscad.org/clientdb/Property.aspx?prop_id=309847.

*Inc.*, 2014 U.S. Dist. LEXIS 161314, at *4 (D. Nev., Nov. 17, 2014) ("[A] voluntary dismissal, which saves the parties and the court considerable time and expense, is generally not evidence of bad faith. On the contrary, when a plaintiff discovers in the early stages of litigation that her complaint lacks merit, a 'subsequent voluntary dismissal is indicative of . . . good faith.'") (alteration in original).  This case was simply weakened by the evidence Credit Management produced after the case was filed.  Hence dismissal followed.

### D. Prior Sanctions Orders

The subject of prior sanctions orders deserves short shrift.  Credit Management asserts that Mr. Lemberg has misled this Court regarding sanctions orders against himself, and also against Credit Management's counsel, Robbie Malone.

It is entirely true that Mr. Lemberg has no record of frivolous filings, had no disciplinary record of any kind, and remains in good standing everywhere he is admitted, including this Court.  That Mr. Lemberg inadvertently drew one court's wrath in *Waite v. Clark County Collection Service, LLC* for neglecting to agree to an extension is not evidence of a record of frivolous filings, nor does it mar clean disciplinary records or have any relevance to the case at bar.

In addition, Credit Management's counsel takes issue with the suggestion that she was sanctioned for filing a sanctions motion without following the procedures mandated by Rule 11 in *Johnson v. Gila, LLC*, 2014 WL 1390838 (N.D. Tex., Apr. 7, 2014).  It is true that the plaintiff in that case did not seek sanctions against Ms.

9

Malone.  However, in adjudicating the motion for sanctions and the cross-motion, Northern District of Texas Judge Jorge A. Solis, clearly irked that his time was being wasted by defense counsel, issued sanctions against all lawyers representing the defendant, including Ms. Malone. *Id.* at *2.  And, no doubt for good reasons of his own, Judge Solis has, to date, refused to act on the assented-to request for Ms. Malone's name to be deleted from the sanctions order. [ROA.209].  Thus, the sanctions against Ms. Malone stand.

### E. Credit Management's Policy Argument

Credit Management's final argument against reversing the District Court's Order takes issue not with what happened in this case, but rather with the perceived failings of the safe-harbor provision of Rule 11.  Credit Management contends that it is Mr. Lemberg's "ongoing pattern of filing baseless suits with no fear of consequence . . . but real financial consequences to CMI that clearly frustrated the District Court." [Appellee's Brief at 19].  However, there is nothing in the record in this case, or indeed in the record of any case that Mr. Lemberg has or had before Judge Sparks, to support this contention.  No court has ever sanctioned Mr. Lemberg for bringing a frivolous claim against Credit Management or, for that matter, any other entity anywhere in the country.

The absence of evidence is but one flaw in this otherwise groundless *ad hominem* attack.  The second is the policy underlying the Federal Rules.  The safe-harbor provision of Rule 11 is "intended to 'protect[ ] litigants from sanctions whenever

possible in order to mitigate Rule 11's chilling effects, formaliz[e] procedural due

process considerations such as notice for the protection of the party accused of

sanctionable behavior, and encourag[e] the withdrawal of papers that violate the rule

without involving the district court.'" *In re Pratt*, 524 F.3d 580, 587 (5th Cir. 2008)

(alterations in original) (internal citation omitted).  In other words, "Rule 11 is not

intended to unreasonably chill an attorney's enthusiasm or creativity in pursuing

factual or legal theories." *Trinity Gas Corp. v. City Bank & Trust Co. of Natchitoches*, 54

Fed. Appx. 591, at *1 (5th Cir. 2002).  The policy Credit Management proposes,

essentially to penalize litigants on the spot, was carefully considered but ultimately

rejected by Rule 11's drafters. See Fed. R. Civ. P. 11, *Notes of Advisory Committee on

Rules – 1993 Amendment* ("Explicit provision is made for litigants to be provided

notice of the alleged violation and an opportunity to respond before sanctions are

imposed.").

## CONCLUSION

For the above reasons, it is requested that this Court:

(1) Reverse the District Court's Order referring Mr. Lemberg to the
Disciplinary Committee for the Western District of Texas;

(2) Direct that all proceedings before the Disciplinary Committee
terminate; and

(3) Direct that the District Court expunge its Orders from the public
record.

RESPECTFULLY SUBMITTED,

*/s/ Sergei Lemberg*
Sergei Lemberg, Esq.
*Attorney for Plaintiff-Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 1ˢᵗ day of December, 2014, a copy of the

foregoing was filed with the Fifth Circuit Court of Appeals using the ECF system,

which sent notice of such filing to:

Robbie Malone, Esq.
Robbie Malone, PLLC
8750 N. Central Expressway
Northpark Central, Suite 1850
Dallas, TX 75231

/s/ Sergei Lemberg
Sergei Lemberg, Esq.

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

Certificate of Compliance with Type-Volume Limitation, Typeface
Requirements, and Type Style Requirements

1.       This brief complies with the type-volume limitation of Fed. R. App.

P.32(a)(7)(B) because this brief contains 2,672 words, excluding the parts of the brief

exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.       This brief complies with the typeface requirements of Fed. R. App. P.

32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief

has been prepared in a proportionally spaced typeface using Microsoft Office Word

2007 in 14-point Garamond font.

Dated: December 1, 2014

RESPECTFULLY SUBMITTED,

*/s/ Sergei Lemberg*
Sergei Lemberg, Esq.
*Attorney for Plaintiff-Appellant*